IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHARON K. DURAN,

    Plaintiff,

vs.

    Civil No. 02-1503 RLP

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

    Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO DISMISS
### FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
### AND DISMISSING WITH PREJUDICE

1.    The matter before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). [Docket No. 5]. Defendant contends that this Court has no subject matter jurisdiction to consider Plaintiff's claim for social security benefits because her Complaint was untimely, filed following the expiration of the sixty (60) day appeal time set out in 42 U.S.C. Sec. 405(g). For the reasons stated herein, I find that Defendant's Motion is well taken and will be granted.

2.    On September 18, 2002, the Appeals Council denied Plaintiff's request for Review of an Administrative Law Judge's denial of her claim for disability insurance benefits. [Plaintiff's Response, Docket No. 7, ¶4]. By law, plaintiff had sixty days to commence a civil action from the date she received the letter, which was presumed to be five days after the letter was dated. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).

3.    Plaintiff received notice of the Appeals Council's decision "within the normal time after it was mailed." [Plaintiff's Response, Docket No. 7, ¶4].



4.      Taking into account the five (5) days for mailing allowed, Plaintiff had until November 22, 2002, to file a complaint in this Court, challenging the denial of her claim for disability insurance benefits. [Plaintiff's Response, Docket No. 7, ¶2]

5.      Plaintiff's Complaint challenging the denial of her claim for disability insurance benefits was filed on November 27, 2002. [Docket No. 1].

6.      Plaintiff concedes that her complaint was filed outside the time limits prescribed by 42 U.S.C. Sec. 405(g). She asks that this Court apply the doctrine of equitable tolling, contending that her difficulty finding counsel to represent her constitutes a reasonable basis for her delay. [Plaintiff's Response, Docket No. 7, p. 3]. She does not indicate the reason(s) attorneys gave for declining her case, the names of the attorneys contacted or the dates they were contacted.

7.      Equitable tolling is available only in "rare and exceptional circumstances." *Cf. Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000). A late-filing party seeking equitable tolling must prove "extraordinary circumstances" that prevented timely filing. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (citing *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir.1996)) and a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000). In addition, the party must have acted with "reasonable diligence" in pursuing her application during the period she seeks to toll. *Johnson*, 86 F.3d at 12.

8.      Application of equitable tolling has been found warranted in the social security context in

a variety of circumstances, none of which is analogous to the facts of this case.[1] Although Plaintiff refers generally to unsuccessful attempts to find an attorney willing to take her case, she presents no facts to indicate either exceptional circumstances or reasonable diligence on her part.

9.  Accordingly, I find that Defendant's Motion to Dismiss for Failure to State a Claim in well taken, and should be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Docket No.5] is granted. Plaintiff's Complaint will be dismissed with prejudice.

_____
Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

---

[1] Where the claimant can demonstrate that a mental impairment materially hindered her ability to seek judicial review. See, e.g., *Canales v. Sullivan*, 936 F.2d 755, 758-59 (2d Cir.1991); where SSA sent the claimant an English-language notice even though he had difficulty with the English language, *Correa v. Bowen*, 682 F.Supp. 755, 757 (S.D.N.Y.1988); where the SSA failed to provide adequate notice of the procedures that the claimant was required to follow to request an extension of time, *Laursen v. Massanari*, 164 F.Supp.2d 317, 321 (E.D.N.Y.2001); where there has been misleading conduct by the Appeals Council, *Carrol v. Sullivan*, 802 F.Supp. 295 (C.D. Cal 1992)